STOULIG, Judge
(dissenting).
I respectfully dissent.
The majority opinion seizes upon the phrase “reviewable on appeal” to judicially enlarge upon the exceptions to the divestiture of jurisdiction specifically enumerated by the legislature. To adopt the interpretation of the majority creates a “confusion of proper forums” which the legislature obviously intended to avoid by listing the specific actions the trial court could entertain after an appeal is perfected.
Enough uncertainty exists among lawyers and even my colleagues on this bench over what issues fall with the supervisory jurisdiction or appellate jurisdiction of this court. The majority opinion compounds this confusion by compelling the attorney to make a determination of what is “reviewable on appeal” to ascertain the proper forum for the relief which he seeks and alternatively could result in the filing of identical pleadings in both forums (out of an abundance of caution) in order to avoid the *951 possible loss of some right. Procedural uncertainty breeds delay, additional expense and in some instances the loss of substantial rights.
The majority opinion correctly points out that the 1964 and 1968 amendments to C.C.P. art. 2088 added “the jurisdiction of the trial court over all matters in the ease reviewable under the appeal is divested, and that of the appellate court attaches, on the timely filing of the appeal bond * * * It notes that the eight exceptions listed in the article are not in fact exceptions since they are not reviewable on appeal anyway. These observations tend to imply that the only purpose for the amendments was to qualify or limit the trial court’s loss of jurisdiction to those matters reviewable on appeal. If such be the case why the need to list the purported exceptions.
A comparative analysis of the article pri- or to and subsequent to its amendment will reveal that the legislature deleted one of the three exceptions in the original article and added six additional exceptions in the amendment. This clearly indicates the legislative intent to grant post-appeal jurisdiction to the trial courts of these enumerated proceedings.
What prompted the insertion of the phrase “reviewable under the appeal” is locked within the undisclosed knowledge of the enactors. However it would be somewhat anomalous to reason the legislature by amendment conferred jurisdiction on the trial court over all matters not reviewable on appeal and then simultaneously declare that the trial courts retain jurisdiction over certain enumerated proceedings, which are themselves nonreviewable on appeal.
Whatever its shortcomings may be, C.C.P. art. 2208 as amended is an explicit, concise and exclusive declaration of the specific proceedings over which the trial courts have post-appeal jurisdiction. Any enlargement or qualification of these actions should be forthcoming from the legislature.
For these reasons, I respectfully dissent.